IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONNIE SUE ADDAIR, ) | CASE NO: 1:13-cv-01603 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | KATHLEEN B. BURKE |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b). Plaintiff Connie Sue Addair ("Plaintiff") seeks judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for disability benefits.[1] Doc. 1. The Plaintiff filed her complaint on July 24, 2013.[2] Doc. 1. She is represented by counsel. For the reasons set forth below, the undersigned recommends that the Court **DISMISS** this case with prejudice for failure to prosecute and that the Court **DENY as moot** Defendant's Motion to Dismiss (Doc. 11).

---

[1] The Plaintiff seeks review of the Administrative Law Judge's ("ALJ's") decision dated February 14, 2011. Doc. 1-2, p. 1. The Appeals Council Action denying Plaintiff's request for review of that decision is dated October 3, 2011. Doc. 1-2, pp. 1-4.

[2] Plaintiff previously filed a civil action on December 12, 2011, which was dismissed without prejudice for failure to prosecute on July 27, 2012. *Addair v. Comm'r of Soc. Sec.*, 1:11-cv-02686, Doc. 18, Doc. 19. In that action, Plaintiff also sought review of the same ALJ decision she appeals herein. *Addair v. Comm'r of Soc. Sec.*, 1:11-cv-02686, Doc. 1-2, p. 1.

### I. Background

In her November 12, 2013, Motion to Dismiss, Defendant Commissioner asserts that Plaintiff failed to timely file her Complaint within sixty (60) days after her receipt of the Appeals Council's letter of October 3, 2011, denying her request for review. Doc. 11, pp. 2-3. Defendant also asserts that Plaintiff has presented no circumstances that would warrant equitable tolling of the 60-day time limitation for commencement of a civil action seeking review of a final decision of the Commissioner made after a hearing. Doc. 11, pp. 3-4. Plaintiff's Opposition to Defendant's Motion to Dismiss was due within thirty days after service of that motion. *See* L.R. 7.1(d).

As of December 20, 2013, Plaintiff had not responded to Defendant's Motion to Dismiss. With Plaintiff's Opposition to Defendant's Motion to Dismiss being overdue, Plaintiff was warned that "[s]hould Plaintiff fail to file an Opposition to the Motion to Dismiss on or before December 30, 2013, the Court may consider Defendant's Motion to Dismiss as unopposed or, alternatively, Plaintiff's Complaint may be dismissed with prejudice for failure to prosecute." Doc. 12. Plaintiff has failed to oppose Defendant's Motion to Dismiss and has not sought an extension of time to do so.

### II. Law and Analysis

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wasbash R. Co*., 370 U.S. 626, 629-632 (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

With respect to the first factor, even after the undersigned provided Plaintiff with time beyond the original due date for filing an opposition and warned Plaintiff that a failure to file an opposition might result in dismissal of her case with prejudice for failure to prosecute, Plaintiff has failed to respond to Defendant's Motion to Dismiss. Further, this is not the first instance where Plaintiff has failed to take the steps necessary to pursue review February 14, 2011, ALJ decision. *See Addair v. Comm'r of Soc. Sec.*, 1:11-cv-02686 ("*Addair I*"), Doc. 18, Doc. 19 (dismissing Plaintiff's case without prejudice for failure to prosecute).

With respect to the second factor, following Plaintiff's failure to prosecute in *Addair I*, she filed this subsequent action. Thus, Defendant has been required to defend Plaintiff's claims in a second action.

With respect to the third factor, on December 20, 2013, the Court warned Plaintiff that a failure to file an Opposition to Defendant's Motion to Dismiss might result in Plaintiff's Complaint being "dismissed with prejudice for failure to prosecute." Doc. 12.

With respect to the fourth factor, a less drastic sanction, i.e., a dismissal without prejudice, was imposed by this Court in *Addair I*, which was also an appeal from the February 11, 2011, ALJ decision. *See Addair v. Comm'r of Soc. Sec.*, 1:11-cv-02686, Doc. 18, Doc. 19.

Thus, after considering the factors set forth in *Knoll*, the undersigned finds that dismissal with prejudice is warranted.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** Plaintiff's Complaint with prejudice for failure to prosecute and that the Court **DENY as moot** Defendant's Motion to Dismiss (Doc. 11).

DATED: February 3, 2014

/s/ Kathleen B. Burke
U.S. Magistrate Judge
KATHLEEN B. BURKE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).